ERVIN, Justice
(dissenting):
I do not believe we should disturb the District Court decision. Penal statutes are strictly construed and this is especially true of those which undertake to define and punish felonies. See 9 Fla.Jur., Criminal Law § 17, p. 27. Comparison of the provisions of F.S. Section 810.05, F.S.A. (the breaking and entering with intent to commit a misdemeanor statute), with the provisions of F.S. Section 776.04, F.S.A. (the penalty statute for attempts) discloses that paragraph (3) of F.S. Section 776.04, F.S.A. clearly governs the penalty applicable to the Respondent. This paragraph reads:
“(3) If the offense attempted to be committed is punishable by imprisonment in the state prison for a term of less than five years, or by imprisonment in the county jail, or by fine, the person convicted of such attempt shall be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding three hundred dollars.” (emphasis added)
Section 810.05 provides that one convicted of breaking and entering to commit a misdemeanor “shall be punished by imprisonment in the state prison or county jail not exceeding five years, or by fine not exceeding five hundred dollars.” (emphasis added)
Since Section 810.05 provides in the disjunctive for punishment “by fine not exceeding five hundred dollars” for an of *844 fense committed thereunder, it follows that one convicted of an attempt of such an offense is punishable under paragraph (3) of Section 776.04 because it provides in the disjunctive that one who is subject to a fine as Section 810.05 provides is punishable “by imprisonment in the county jail not exceeding one year, or by fine not exceeding three hundred dollars.” The disjunctive provisions in Sections 776.04 and 810.05 are clearly alternatives and are in no sense copulative to the provisions for imprisonment. Strictly construed, the language in Section 776.04(3), and no other, is directly applicable to attempts to commit the offense denounced in F.S. Section 810.05, F.S.A.